**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KARENA A. REILLY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1397** |
| | : | |
| **INDEPENDENCE FIRE SPRINKLER,** | : | |
| *et al.,* | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**SURRICK, J.**                                                    **MARCH 9, 2026**

Plaintiff Karena A. Reilly filed a *pro se* Complaint naming Independence Fire Sprinkler

and Kevin West as Defendants and asserting claims under Title VII of the Civil Rights Act of

1964 ("Title VII").  Reilly also seeks leave to proceed *in forma pauperis* and the appointment of

counsel.  For the following reasons, the Court will grant Reilly leave to proceed *in forma*

*pauperis*, dismiss the Complaint with leave to amend, and deny the motion for counsel as

premature.

**I.      FACTUAL ALLEGATIONS**

Reilly's Complaint consists of the form available to *pro se* litigants to file employment

discrimination claims as well as materials that she submitted to the EEOC.[1]  By checking boxes

on the Complaint form, Reilly appears to assert claims based on retaliation and termination of

her employment because of her gender/sex.  (Compl. at 5-6).  In the area of the form that asks

Reilly to state the facts of the case, she only wrote "Personality conflict – discriminated /

retaliated."  (*Id*. at 6.)  The paperwork she attached includes a "Right to Sue" letter issued by the

---

[1] The Court deems the entire submission to constitute the Complaint and adopts the pagination
supplied to the Complaint by the CM/ECF docketing system.

EEOC, (*id*. at 10), and a Charge of Discrimination she filed with the EEOC in which she asserted that on or about December 4, 2025, she was approached by management and was told that she would be receiving a promotion but she would have to wait until a replacement could be trained, (*id*. at 13.)  Prior to the promotion, Reilly "observed a work order had been closed and brought it to the attention of management."  (*Id*.)  As a result she was placed on a performance improvement plan "geared towards workplace etiquette and how to be an effective communicator with management and staff."  (*Id*.)  She was terminated on January 14, 2026.  She believes she was discriminated and retaliated against "because of a personality conflict."  (*Id*.)  Reilly seeks injunctive relief and money damages.  (*Id*. at 8.)

II.    **STANDARD OF REVIEW**

Reilly is granted leave to proceed *in forma pauperis* since she appears unable to pay the filing fee.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, we will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*,

115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

We construe the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, '"pro se litigants still must allege sufficient facts in their complaints to support a claim."'  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.   DISCUSSION

Reilly's Complaint fails to allege a plausible Title VII claim for wrongful termination or retaliation.  "A plaintiff alleging a Title VII claim for discriminatory discharge must allege that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) the employment action suggests an inference of discrimination because of her membership in the protected class, such as might occur when the position is filled by a person not of the protected class."[2]  *Reese v. Horizon Blue Cross Blue Shield of N.J.*, No. 08-

---

[2] Notably, to plead a claim under Title VII, the complaint need not allege each element of a *prima facie* case as set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) ("A determination whether a *prima facie* case has been made, however, is an evidentiary inquiry – it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination. . . .  Even post-Twombly, it has been noted that a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." (internal citation omitted)).  Rather, a complaint must allege facts that provide fair notice of a plaintiff's claim and demonstrate a plausible right to relief.  *See Bell Atl. Corp. v.*

1382, 2008 WL 5188853, at *2 (D.N.J. Dec. 10, 2008) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n. 5 (3d Cir.1996); *Theophane v. Homeland Intel., LLC*, No. 25-1258, 2025 WL 887813, at *3 (E.D. Pa. Mar. 21, 2025) ("Theophane must plausibly allege that he: (1) is a member of a protected class; (2) was qualified for the position he sought to attain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination."); *Lorah v. Tetra Tech Inc.*, 541 F. Supp. 2d 629, 635 (D. Del. 2008) (gender discrimination claim).  For a retaliation claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).

Reilly has merely checked boxes on the form indicating the nature of the claims she seeks to assert without providing any narrative description of the facts that support the elements of those claims.  For example, she checked boxes indicating she was terminated and suffered retaliation on the basis of her gender/sex, but does not allege facts in the Complaint providing context for this claim.  Rather, she only asserts in the Complaint and in the exhibit she attached that she suffered an adverse employment action due to a personality conflict.  (Compl. at 3, 13.) This is not a plausible allegation that she suffered retaliation or termination from her employment based on her gender/sex.  *Fairclough v. Wawa, Inc.*, 412 F. App'x 465, 469 (3d Cir.

---

*Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").

2010) (*per curiam*) (affirming summary judgment stating: "That Fairclough experienced personality conflicts resulting in a less than ideal work environment is simply not actionable under Title VII; *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (explaining that Title VII is not a civility code for the workplace)."); *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1085-86 (3d Cir.1995) (holding that Title VII does not protect employees from "personality conflicts unrelated to invidious discrimination.").  Also, her bringing to the attention of management a problem with a work order is not a plausible allegation of conduct protected by Title VII.  *Ahmed v. Lowe's Home Ctrs., Inc.*, 346 F. App'x 816, 819 (3d Cir. 2009) ("To qualify as protected conduct under Title VII, Ahmed must show that he made Lowe's aware that he felt he was being discriminated against specifically because of his race or national origin." (citing *Slagle v. County of Clarion*, 435 F.3d 262, 268 (3d Cir. 2006) (holding that a complaint that does not explicitly or implicitly allege that membership in a protected class was the reason for mistreatment is too general to constitute protected conduct under Title VII))).

Moreover, Title VII makes it unlawful for an "employer" to discriminate.  42 U.S.C. § 2000e-2(a)(1).  Reilly's EEOC charging document lists Independence Fire Sprinkler as her employer (Compl. at 13), however, she also appears to assert a claim under Title VII against an individual who is not her employer, namely, Kevin West.  Other than naming West in the caption of the Complaint, Reilly does not allege anything about his involvement in her claim.  An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person."  42 U.S.C. § 2000e(b).  The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such as West, holding the term "employer" as used in Title VII does not encompass individual employees.  *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d

Cir.1996). Since Reilly does not allege that West was her employer, the claim against him is not plausible for this additional reason.

## IV.   MOTION FOR COUNSEL

Reilly also seeks appointment of counsel. (ECF No. 3.) That request is premature. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that, in determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law."). Reilly may renew her request if she files an amended complaint and if the Court directs service on a named Defendant.

## V.   CONCLUSION

For these reasons, Reilly's Complaint will be dismissed without prejudice, and the motion for counsel will be denied. An order follows providing Reilly with additional information about filing an amended complaint if she is able to allege additional facts that cure the defects the Court has identified in her claims.[3]

BY THE COURT:

 */s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[3] If she decides to file an amended complaint, Reilly is reminded that she must provide a narrative description of the facts and events supporting her claim that satisfies each of the elements the Court has stated. Merely checking boxes on the form and attaching exhibits is not sufficient.